BEFORE THE FIRST DIVISION, JUNE 30, 1945

**No. 50326.**—Protests 903626–G, etc., of Bailey, Green & Elger, Inc. (New York).

OLIVER, Presiding Judge: These protests are against the classification by the collector of certain steel buttons as dress buttons valued above 20 cents per dozen pieces, designed to be worn on apparel, composed wholly or in chief value of metal other than gold or platinum, under paragraph 1527 (c) (2), Tariff Act of 1930. Plaintiff claims they are properly dutiable at only 45 percent ad valorem

under the provision in paragraph 349 for metal buttons embossed with a design, device, pattern, or lettering.

The sole issue before the court is whether or not the imported merchandise is embossed, plaintiff pointing out that the provision for embossed metal buttons in paragraph 349 is more specific than the provision for dress buttons in paragraph 1527 (c) (2), under the principle of *United States* v. *Bailey, Green & Elger, Inc.* (30 C. C. P. A. 228, C. A. D. 237).

Samples of the imported articles are in evidence (collective exhibit 1).

One witness testified for the importer, and the United States examiner testified for the Government.

Plaintiff's counsel limited the protests to the merchandise described on the invoices as "steel buttons" under numbers 6909/10/15/16, 6910/6/8, 6911/6/8/10/12, 6912/6/8/10/15, 8329, and 8329/10/12/14.

The witness for the plaintiff stated he had observed the manufacture of similar articles in Paris and described the process substantially as follows (R. pp. 6, 7): First, a metal blank or disk is made, or chopped out, then holes are punched in the disk according to size. Thereupon, little rivets, or "steel points" or "pegs" are placed in the holes and clipped off with cutting nippers, apparently almost flush with the reverse side, then hammered with a very fine hammer. Buffing off the rough parts completes the operation. Thus the back of the finished article is one piece, but every point on the front is a separate "rivet."

According to the witness, these buttons are used for buttoning purposes, but also occasionally for ornamental purposes on women's wearing apparel. The testimony of this witness is not disputed.

The customs examiner who passed on the merchandise herein testified on behalf of the defendant that he had seen such buttons used on garments both for ornamental and utilitarian purposes. He stated that embossed buttons have come under his observation as examiner and that he has had occasion to classify them in his advisory capacity. He expressed the opinion that the buttons in question are not embossed.

On cross-examination his attention was called to definition No. 4 of the word "emboss" in Webster's New International Dictionary, reading: "Hence, to adorn or embellish with rich ornamentation." He admitted that exhibit 1 was adorned or embellished with rich ornamentation, but added that it was not done by an embossing process.

Plaintiff contends that the dictionary definitions do not limit embossing to the raising of the surface in relief, that being only one means of embossing, and that the other sort of embossing, namely, "to adorn or embellish with rich ornamentation" [Webster's New International Dictionary] or "to decorate prominently or richly" [Funk & Wagnalls New Standard Dictionary] cannot be overlooked.

Plaintiff admits the sort of relief work effected by the use of a die is not present in these buttons but points out that the method used in their manufacture has resulted in a raised effect on the surface.

Encyclopaedia Britannica (14th ed., vol. 8, p. 386), contains the following:

EMBOSSING, the art of producing raised portions or patterns on the surface of metal, leather, textile fabrics, cardboard, paper and similar substances. Strictly speaking, the term is applicable only to raised impressions produced by means of engraved dies or plates brought forcibly to bear on the material to be embossed, by various means, according to the nature of the substance acted on. *Thus raised patterns produced by carving, chiselling, casting and chasing or, hammering are excluded from the range of embossed work.* Embossing supplies a *convenient and expeditious medium for producing elegant ornamental effects* * * * . [Italics supplied.]

It will be noted that under this definition certain classes of raised-pattern work are not included within the meaning of the term "embossed." There would

seem to be even less justification for saying that an article produced as was the merchandise at bar (R. pp. 6, 7) could be called "embossed."

Of particular interest in connection with the meaning of the term as applied to buttons is the pamphlet titled "The Button Industry," Tariff Information Series No. 4, published by the United States Tariff Commission in 1918. Under the heading "Dictionary of Button Terms" (p. 18), will be found the following definition of embossed: "Heavy raised design *pressed on surface*." [Italics supplied.]

The present act (par. 349) provides, "Metal trouser buttons (except steel) and nickel bar buttons * * * steel trouser buttons * * * buttons of metal, not specially provided for." Immediately following, provision is made for "metal buttons embossed with a design, device, pattern, or lettering" at a higher rate. This, then, would seem to contemplate that an article already a button should be subjected to a higher rate of duty when ornamented or embellished by an additional process in the manner described. Without such additional process, however, it would be nonetheless a button. Applying this reasoning to the merchandise at bar, the removal of the ornamentation therefrom would obviously leave, not a button, but an ordinary thin metal blank or disk punched with many holes.

It might be said with propriety that all embossed articles are adorned or embellished with ornamentation, but it does not follow that all articles adorned or embellished are embossed.

We do not understand the alternative definition relied on by plaintiff—"Hence, to adorn or embellish with rich ornamentation"—to mean that any article richly adorned and embellished is to be considered embossed. A button might well be ornamented or embellished by any one of many processes none of which would result in an embossed article. We are of opinion that such adornment or embellishment must of necessity be brought about by an embossing process, that is to say, by raising the surface in relief in the form of a design. The surface of these buttons has not been raised. Instead, something has been protruded through openings in the surface of the blank or disk and such foreign substance, not a part of the surface, is now protruding above the surface. This we do not understand to be an embossing operation and the resulting product, while ornamented and embellished, is not an embossed article as that term is used in paragraph 349.

Upon this record we find that the plaintiff has failed to sustain the burden it assumed of establishing that the collector's classification under paragraph 1527 (c) (2) was erroneous and that its claim for classification under paragraph 349 was correct. The protests are overruled.

Judgment will issue accordingly.